## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| MARCUS MORGAN,<br><br>    Plaintiff,<br><br>v.<br><br>DELLEESE D. COLLINS and JUDGE JAMES TUNISON,<br><br>    Defendants. | CASE NO. 7:09-CV-116 (HL) |

## ORDER

This case is before the Court on Defendants' Special Appearance Motion to Dismiss (Doc. 14). For the reasons discussed herein, the Motion to Dismiss is granted.

### A. PLAINTIFF'S ALLEGATIONS

According to Plaintiff's complaint, he was put on active probation on May 15, 2007. As part of his probation, Plaintiff was required to pay a fine and crime lab fees, and also to reimburse Lowndes County for the expenses of his court-appointed attorney. Chris Yarborough, who is not a defendant in this case, was Plaintiff's probation officer immediately upon Plaintiff's release. Mr. Cox, who also is not a defendant, subsequently took over as Plaintiff's probation officer in July of 2007.

Plaintiff was eventually able to find a job, and began working on July 7, 2008. At that time, Mr. Cox instructed Plaintiff to begin paying his probation fine. Plaintiff did so until his job was terminated due to downsizing. Plaintiff alleges that Mr. Cox

told him that if he did not find a stable job, the probation fine would be converted into community service.

In December of 2008, Mr. Cox's employment with the Valdosta probation office ended. On December 17, 2008, Plaintiff was arrested and jailed at the Lowndes County Jail. On April 1, 2009, he was released and placed back on active probation. Defendant Collins became Plaintiff's probation officer. According to Plaintiff's complaint, he asked Defendant Collins if she would terminate his probation fine, and Defendant Collins said she would not. Plaintiff then asked if Defendant Collins would convert half of the fine into community service and terminate the other half, and Defendant Collins said she would not.

Plaintiff alleges that Defendant Collins ordered him to pay $347 in probation fines, along with a $50 crime lab fee and other attorney's fees, and said that if Plaintiff paid these amounts, she would terminate the remainder of his probation fine. Plaintiff was unable to pay these amounts. Plaintiff alleges that Defendant Collins ordered him to bring a payment by May 1, 2009, or he would face jail time. Plaintiff told Defendant Collins that he was unable to pay his probation fine due to a lack of funds, as no one was hiring. Plaintiff also told Defendant Collins that he needed more time and better transportation to search for a job. Plaintiff alleges that Defendant Collins became argumentative and called her supervisor, who issued a warrant to revoke Plaintiff's probation.

Plaintiff appeared before Defendant Judge Tunison at a probation revocation hearing on June 18, 2009. Plaintiff states that Defendant Collins recommended that

2

he receive 365 days in the detention center and the remainder of his probation be terminated. According to Plaintiff, neither Defendant Collins nor Judge Tunison addressed Plaintiff's inability to pay his probation fine, though his attorney stated that Plaintiff had been unable to find work, and requested that Plaintiff be given more time to find work or that his fine be converted to community service. Plaintiff states that Judge Tunison converted the fine into jail time for failure to pay, and also contends that Judge Tunison sent him to jail in retaliation for Plaintiff's past litigation against Mr. Yarborough. There is no dispute that Plaintiff served a 90-day jail sentence at the Lowndes County Jail for the probation violation.

Plaintiff contends that Defendants are liable under 42 U.S.C. § 1983 for violating his constitutional rights by imprisoning him for failure to pay a fine when he was unable to do so, and by imprisoning him as retaliation for his previous litigation against Mr. Yarborough. Plaintiff seeks both injunctive relief and monetary relief against Defendants in their individual capacities only.[1]

---

[1] In his Response to Defendants' Motion to Dismiss (Doc. 16), Plaintiff states that he seeks relief in the form of attorney's fees, injunctive relief against Mr. Yarborough, back pay relating to an appeal the Eleventh Circuit dismissed because Plaintiff failed to pay the filing fee, reinstatement of the appeal that was dismissed, and for the appointment of counsel to prosecute his appeal in the Eleventh Circuit. These requests for relief were not raised in Plaintiff's complaint, and are denied. A response to a motion is not the proper place to raise additional requests for relief.

**B.    ANALYSIS**

   **1.    Federal Rule of Civil Procedure 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants have filed a motion to dismiss Plaintiff's complaint for failure to state a claim. When deciding a motion to dismiss, a court accepts all factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. Hill v. White, 321 F.3d 1334, 1335 (11th Cir.2003). Where a plaintiff is also proceeding pro se, a court must "construe [his] complaint more liberally than [it] would formal pleadings drafted by lawyers." Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir.1990).

A complaint must be dismissed where the allegations in the complaint, on their face, show that an affirmative defense exists. Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir.2001). Another basis for dismissal is where a complaint does not "contain either direct or inferential allegations respecting all the material elements [of a claim]." Financial Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir.2007) (quotations and citations omitted). Finally, if the factual allegations in the complaint do not "raise a right to relief above the speculative level," then the complaint is also due to be dismissed. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007). The plaintiff must do more than use labels and conclusions, and he must include more than a formulaic recitation of the elements of a cause of action. Id.

### a.     Injunctive relief

In his complaint, Plaintiff requests injunctive relief against Defendants. He does not, however, specify what injunctive relief he seeks, though the Court believes it can safely assume Plaintiff wants an order stating that the Defendants are prohibited from revoking his probation in the future.

Plaintiff is no longer in jail. He served his 90-day sentence and was released. In fact, Plaintiff was no longer incarcerated when he filed this civil action. The law is clear that his release from jail renders his claims for injunctive relief moot. "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983). "A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Ethredge v. Hail, 996 F.2d 1173, 1175 (11th Cir. 1993). "[T]he remote possibility that an event might recur is not enough to overcome mootness. . . ." Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001).

Given Plaintiff's release from jail, this Court cannot "give meaningful relief" to Plaintiff. While there is a possibility that Plaintiff's probation could be revoked in the future, that possibility is not enough to overcome mootness. See Al Najjar, 273 F.3d at 1336. Therefore, Plaintiff's claims for injunctive relief are dismissed as moot.

### b. Judicial immunity

Defendants argue that Judge Tunison is entitled to absolute judicial immunity from Plaintiff's claims. "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Mireles v. Waco, 502 U.S. 9, 11, 112 S.Ct. 286, 288 (1991) (citations omitted). "The Supreme Court has set forth a two-part test for determining when a judge is entitled to immunity from money damages liability when sued under section 1983." Simmons v. Conger, 86 F.3d 1080, 1084 (11th Cir. 1996). First, the judge must have dealt with the plaintiff in his judicial capacity. Id. "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his official capacity." Mireles, 502 U.S. at 12 (quotation omitted).

"If the judge was not dealing with the plaintiff in a judicial capacity, then there is no immunity. If the judge was dealing with the plaintiff in his judicial capacity, however, the second part of the test is whether the judge acted in the 'clear absence of all jurisdiction.'" Simmons, 86 F.3d at 1085 (citations omitted). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Stump v. Sparkman, 425 U.S. 349, 356-57, 98 S.Ct. 1099, 1105 (1978) (quotation marks and citation omitted).

6

Whether a judge acts in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. Sibley v. Lando, 437 F.3d 1067, 1071 (11th Cir.2005) (citing Scott v. Hayes, 719 F.2d 1562, 1565 (11th Cir.1983)).

All of Plaintiff's allegations against Judge Tunison relate to Judge Tunison's actions during Plaintiff's probation revocation hearing. The Court finds that Judge Tunison's actions meet the four factors set out in Sibley. Further, the Court also finds that Judge Tunison was acting within his jurisdiction when he revoked Plaintiff's probation and sentenced him to jail. *See* O.C.G.A. § 42-8-38 (stating that after a revocation hearing, "the court may revoke, modify, or continue the probation. If the probation is revoked, the court may order the execution of the sentence originally imposed or of any portion thereof.")

Because Judge Tunison acted in a judicial capacity and within the scope of his jurisdiction when he revoked Plaintiff's probation and sentenced him to jail, Judge Tunison is absolutely immune from suit on Plaintiff's claims. Because Judge Tunison is entitled to judicial immunity, Plaintiff's complaint must be dismissed as to Judge Tunison.

    c.    **Heck v. Humphrey**

Defendants also argue that Plaintiff's complaint is barred by Heck v. Humphrey, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372 (1994), because Plaintiff is

7

challenging the revocation of his probation and is seeking to recover damages for the sentence imposed upon him by the state court.

A plaintiff cannot win relief under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 487. A plaintiff may only proceed after showing "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

Heck v. Humphrey applies to revocations of probation and revocations and denial of parole. *See* Cobb v. Florida, 293 Fed. Appx. 708, 709 (11th Cir. 2008) (unpublished) (section 1983 action was barred where the necessary implication of a grant of relief would be that the plaintiff's probation revocation was invalid); Vickers v. Donahue, 137 Fed. Appx. 285 (11th Cir. 2005); Antonelli v. Foster, 104 F.3d 899, 901 (7th Cir. 1997). The bar also applies to cases where a plaintiff, like here, is not in custody. *See* Vickers, 137 Fed. Appx. at 288. It is clear that a judgment in Plaintiff's favor would imply the invalidity of the revocation of his probation. Plaintiff has not shown that the probation revocation decision he challenges has been reversed, expunged, invalidated, or called into question by a federal court. Thus, Plaintiff has failed to state a claim, as his § 1983 claim is barred by Heck v. Humphrey.

## C.  CONCLUSION

The Court finds as follows: (1) Plaintiff's claims for injunctive relief are moot, and are dismissed accordingly; (2) Judge Tunison is entitled to absolute judicial immunity from the claims alleged by Plaintiff; and (3) Plaintiff's claims are barred by <u>Heck v. Humphrey</u>.

It is unnecessary to address the remainder of Defendants' arguments. Defendants' Motion to Dismiss (Doc. 14) is granted, and Plaintiff's complaint is dismissed. The Clerk of Court is directed to close this file.

**SO ORDERED**, this the 12th day of July, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh